# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jameel Anderson, ) | |
| ) | Civil Action No.: 2:21-cv-02408-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Robert Williams, Michael Rasar, Geri ) | |
| Gillespie and Tahariah Thomas, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 4, 2022. (ECF No. 11.) The Report recommends that the court dismiss Plaintiff's Complaint (ECF No. 1) because he failed to bring the case into proper form and state a claim for relief. (ECF No. 11 at 5-8.)

For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 11 at 1-6.) Plaintiff, a state detainee at the Barnwell County Detention Center in Barnwell, South Carolina, brings this action alleging violations of his constitutional right to be free from cruel and unusual punishment. (ECF No. 1 at 5.) Plaintiff contends that he became infected with a skin condition in 2020 while he was incarcerated, and that he was denied proper medical care for approximately a year following his initial complaint of pain and disfigurement to all named Defendants. (*Id.* at 4.) He alleges that various prison officials

1

"did not enforce policies," and as a result, he was subjected to mental agony, disfiguration over eighty (80) percent of his body, and pain and suffering. (*Id*. at 7.) Plaintiff requests monetary damages in an amount of $500,000. (*Id*. at 7.) He brings this action pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id*. at 4.)

The Magistrate Judge ordered Plaintiff to bring his case into proper form by stating a plausible claim for relief by October 25, 2021, warning him that failure to comply could result in the dismissal of his case. (ECF No. 7 at 4.) To date, Plaintiff has not filed an amended complaint. (ECF Nos. 7 & 11.)

In the subsequent Report, the Magistrate Judge analyzed Plaintiff's Complaint and found that the factual allegations therein could not support the alleged constitutional violations. (ECF No. 11 at 4-6.) Clarifying that bare allegations of unconstitutional acts were "insufficient to establish the requisite personal involvement for purposes of § 1983," the Magistrate Judge explained that claims of mere negligence of prison officials, even with regard to serious injuries, could not support a deliberate indifference claim under § 1983. (*Id*. at 5 (citing *Daniels v. Williams*, 474 U.S. 327, 328–36 (1986)).) She concluded that as written, the Complaint did not properly state a claim for relief because Plaintiff had not alleged facts adequately describing "Defendants' roles in the denial of Plaintiff's medical treatment." (ECF No. 7 at 2; ECF No. 11 at 4.) Plaintiff was informed of his right to file objections to the Report within fourteen (14) days from its date of service. (ECF No. 11 at 7.) The court attempted to mail a copy of the Report to Plaintiff twice, but each time it was returned as undeliverable. (ECF Nos. 14 & 18.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, the court discerns no clear error on the face of the record. Plaintiff did not file an

amended complaint in response to the court's Proper Form Order (ECF No. 7) and has not clarified the facts underpinning his constitutional claims despite the Magistrate Judge's explicit instructions.  However, Plaintiff appears not to have received a copy of the Report, as it was returned as undeliverable on two separate occasions.  Plaintiff has therefore not had an opportunity to read or object to the Report.  Plaintiff was explicitly ordered to keep the Clerk of Court advised in writing "if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [him] to meet will be received by [him]." (ECF No. 7 at 4.)  Moreover, Plaintiff was warned that "[i]f, as a result of [his] failure to comply with this Order, [he] fail[s] to meet a deadline set by this court, [his] case may be dismissed for violating this Order." (*Id*.)  Plaintiff's Complaint is therefore subject to summary dismissal at this stage.  In light of his *pro se* status and demonstrated inability to receive mail, however, the court dismisses this case *without prejudice* and with leave to refile if Plaintiff is able to gather the requested facts in support of his claim.

Thus, after a thorough review of the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 23, 2022
Columbia, South Carolina